IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMPLE FARMS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-231-D |
| | ) | |
| CONOCOPHILLIPS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Upon examination of the Notice of Removal, the Court finds insufficient factual allegations to show the existence of subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), as asserted by Defendant.[1] The Notice of Removal states there is complete diversity of citizenship because Defendant is a citizen of Delaware and Texas pursuant to 28 U.S.C. § 1332(c)(1), and "[b]ased on the allegations in Plaintiffs' Petition, Plaintiffs are residents and citizens of the State of Oklahoma. Exhibit1 at ¶ 1." *See* Notice of Removal [Doc. No. 1], ¶ 20. However, the Petition does not identify the members of Sample Farms, LLC, and it states only that "Plaintiffs are residence [sic] of Texas County, Oklahoma." *See* Petition [Doc. No. 1-1], ¶ 1. This allegation does not establish Plaintiffs' citizenship; merely alleging a place of residence is not sufficient. *See Whitelock v.*

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

*Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972); *see also Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc..*, 929 F.2d 1519, 1521 (10th Cir. 1991).[2]

IT IS THEREFORE ORDERED that Defendant shall file an amended notice of removal that states a sufficient factual basis for diversity jurisdiction within 14 days from the date of this Order.[3]

IT IS SO ORDERED this 11th day of March, 2015.

                                                _____
                                                TIMOTHY D. DEGIUSTI
                                                UNITED STATES DISTRICT JUDGE

---

[2] Every federal appellate court to consider the question has concluded that a limited liability company should be treated like a limited partnership or other unincorporated association under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). *See Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1176 n.2 (10th Cir. 2015); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("every federal court of appeals to address the question has concluded that a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship"); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: . . . the citizenship of a LLC is determined by the citizenship of all of its members.").

[3] Defendant need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).